DOMENGEAUX, Judge.
This is an appeal by plaintiffs from a district court ruling which granted summary judgment in favor of one of the defendants, The State of Louisiana, through the Department of Transportation and Development (formerly Department of Highways), and ordered that that defendant be dismissed from these proceedings.
Plaintiffs’ petition is in tort, and basically alleges that on December 29, 1977, they were traveling in a vehicle which was being driven by plaintiff husband on “Sam Houston Park Road”[1] .2 miles south of Sutherland Road, in Calcasieu Parish, when because of certain alleged defects in the road, the husband lost control and struck a tree on the shoulder thereof, all of which caused both plaintiffs to be injured and their vehicle totalled.
In due course, defendant, State of Louisiana, through the Department of Transportation and Development filed a motion for summary judgment which in essence stated that Sam Houston Park Road, .2 miles south of Sutherland Road in Calcasieu Parish, State of Louisiana, is not a part of the State Highway System and is not maintained by the Louisiana Department of Transportation and Development. It annexed the affidavit of Thomas C. Danna, Engineering Specialist II for the Department of Transportation and Development which stated:
“Act 40 of the Louisiana Legislature of 1955 did ‘create and establish’ a system of State Highways consisting of various specified and numbered routes, and provided for the future adjustments and expansion of the system within certain limits. The act also stipulated ‘all laws or parts of laws in conflict herewith’ was repealed. Thus, the current State Highway System consists only of those highways authorized under the cited Act 40, including certain projected locations not presently included in the total mileage maintained by the Department, but which has been approved as Route extensions. Sam Houston Park Road, .2 miles south of Sutherland Road in Calcasieu Parish, State of Louisiana, was not included among the routes enumerated in Act 40 of 1955, nor has it since been added to the State Route System through action of the Department of Transportation and Development.”
The affidavit further stated that the quoted facts were derived from certain records on file in the Works Unit of the Department of Development, which records are maintained under the affiant’s supervision.
No countervailing affidavits were filed by plaintiffs, neither did they state reasons by affidavit why they could not present facts essential to justify their opposition to the motion for summary judgment.
After hearing, summary judgment was granted as aforesaid and plaintiffs have appealed to this Court.
La.C.C.P. Article 966 provides for motions for summary judgment, and the Article which follows, 967, states in part:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his plead *1086 ing, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”

In brief before this Court, but apparently not advanced on the trial level (and certainly not by countervailing affidavit) plaintiffs suggest that the Department has responsibility and exposure and should not be dismissed by summary judgment, citing, La. R.S. 48:270, which read, at the time of the accident herein, as follows:
“The department shall construct, maintain, and improve roads, whether hard surfaced or otherwise, within state parks and connect such park sites with existing highways.
Amended by Acts 1968, No. 551, § l.”[2]
Even assuming arguendo that there is merit to the above supposition, it is evident that nowhere in plaintiffs’ pleadings is there contained any allegation that the accident occurred on any road within any state park or any road which connects such park sites with existing highways. Further the reference to “Sam Houston Park Road”, although suggesting that there is a park by that name, does not suggest or allege that it is a state park.
Had plaintiffs been able to establish any issue of material fact concerning the status of the road mentioned in their petition and the defendant State’s responsibility and/or exposure in connection with that road, it would have been a simple task to file a countervailing affidavit in that connection. La.C.C.P. Article 967 requires that they should have done so in order to prevent summary judgment being rendered against them. We find that summary judgment is appropriate in this instance and that the trial court was correct in granting it.
Costs on appeal are assessed against plaintiffs.
AFFIRMED.
DOUCET, J., dissents and assigns written reasons.

. Emphasis by Court of Appeal.

. The prior statute and source of R.S. 48:270 made the Department’s duty discretionary, dependent upon request by resolution of the State Parks Commission. La.R.S. 48:270, as quoted above, was repealed by Act 245 of 1982. La. R.S. 48:756 was amended subsequent to the date of the accident herein, Act 231 of 1982, and as amended, again provides for the Department to construct, maintain, and improve roads within the State parks and commerative areas and to connect such sites with existing highways.